**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:** _____

Anthony Scarbrough,
    Plaintiff

v.

Stellar Recovery, Inc.,
    Defendant

___

**COMPLAINT AND JURY DEMAND**
___

## JURISDICTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2. Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State and because Defendant transacts business in this State.

## PARTIES

3.      Plaintiff, Anthony Scarbrough, is a natural person residing in the state of Mississippi.

4.      Defendant, Stellar Recovery, Inc is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another in the State of Colorado and has its principal place of business in the state of Colorado.

## FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. In particular, Defendant began contacting Plaintiff by telephone on or around September 19, 2009.

6.      In said telephone conversations, Defendant's collectors made numerous threats to Plaintiff, including threatening to immediately place a lien on Plaintiff's home and vehicle, as well as take Plaintiff's jewelry or anything else of value, even in the absence of a judgment. Defendant's collector informed Plaintiff that Defendant "does only two things, either collects or sues." Defendant's collector threatened to immediately "file for a judgment" against Plaintiff and told Plaintiff that he "always gets his man or woman".

7.      15 USC § 1692g(a) requires that a debt collector furnishes a debtor with notification of certain rights that a debtor has under the FDCPA. Plaintiff never received any such written notification from Defendant of his rights as required by 15 USC § 1692g(a), nor did Defendant convey those required disclosures to Plaintiff in any phone

conversations with Plaintiff. To the extent that a letter with the required § 1692g(a) disclosures might have been sent by Defendant, the aforementioned telephone conversation described above on September 16, 2009, overshadowed those disclosures by threatening immediate legal action if Plaintiff did not pay or make suitable arrangements to pay the alleged debt.

8. In a subsequent telephone conversation, Plaintiff informed Defendant's collector that he was being represented by counsel. Plaintiff gave Defendant's collector the name and telephone of the law firm representing Plaintiff. Defendant's collector told Plaintiff that he "did not care" that Plaintiff was represented by counsel and that Defendant would continue to contact Plaintiff. Thereafter, Defendant continued to contact Plaintiff.

9. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including but not limited to the aforementioned statements made by Defendant's collector that Defendant could place a lien on Plaintiff's property and take other things of value prior to having affected a judgment, in violation of 15 USC 1692e(5);

   b) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including but not limited to failing to notify Plaintiff of his rights, either in writing or in said telephone conversations and by threatening to take immediate legal action if Plaintiff did not pay or

        make suitable arrangements to pay the alleged debt, in violation of 15 USC § 1692g(b);

    c) Communicating directly with Plaintiff after learning that Plaintiff is being represented by counsel. Despite being thus informed, Defendant continued to repeatedly contact Plaintiff directly in an attempt to collect the alleged debt, in violation of 15 USC § 1692c(a)(2).

10. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

12. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

13. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

14. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## COUNT 2, INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

16. Defendant and/or its agents invaded Plaintiff's privacy as described above, and intentionally caused harm to Plaintiff's emotional well-being by engaging in conduct that would be very offensive to a reasonable person.

17. Plaintiff had a reasonable expectation in Plaintiff's solitude, seclusion, and/or private affairs and concerns, and a reasonable person would find Defendant's actions as described above highly offensive and an invasion of privacy.

18. Plaintiff has been harmed by Defendant's invasion of privacy and has suffered damages as a result of the same, including but not limited to emotional distress, loss of sleep, and loss of enjoyment of life.

19. Defendant's invasion of privacy entitles Plaintiff to actual damages as determined by the trier of fact.

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A. a declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Punitive Damages

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F.   Such other and further relief as may be just and proper

                              **Respectfully submitted,**

**November 2, 2009**              **/s/ Tammy Hussin**
                              **Tammy Hussin**
                              **Weisberg & Meyers LLC**
                              **6408 Merlin Place**
                              **Carlsbad, CA 92011**
                              **888 595 9111 ext. 215 phone**
                              **866 565 1327 facsimile**
                              **thussin@AttorneysForConsumers.com**